UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CYDCOR, INC.,

        Plaintiff,

    -v.-                                11 Civ. 9115 (DAB)
                                            MEMORANDUM & ORDER

CREDICO MARKETING INC., DEREK
COLANTONIO, and RAFAEL DIAZ,

        Defendants.
------------------------------------X
RAFAEL DIAZ, DEREK COLANTONIO and
UNIVERSAL MARKETING & CONSULTING, INC.,

        Counterclaim Plaintiffs,

    -v.-

CYDCOR, INC.,

        Counterclaim Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

      Plaintiff and Counterclaim Defendant Cydcor, Inc. ("Cydcor") moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Counterclaim for tortious interference with prospective economic advantage filed by Rafael Diaz, Derek Colantonio, and Universal Marketing & Consulting Inc. ("Universal"). For the reasons set forth herein, the Motion to Dismiss is GRANTED.

## I. BACKGROUND

For purposes of this Motion to Dismiss, the following facts set forth in the Counterclaim (Docket #24) are assumed to be true.

According to Cydcor's website, Cydcor provides "outsourced face-to-face sales" for its clients. (Countercl. ¶ 9.) According to Cydcor's website, Cydcor uses independently owned sales offices in the U.S. and Canada to provide face-to-face sales teams to sell products. (Countercl. ¶ 10.) Counterclaim Plaintiff Diaz, most recently through Universal, worked with Cydcor for twelve years by providing services in the form of educating and managing certain independent contractors that worked as sales consultants, who from time to time sold products on behalf of Cydcor's customers. (Countercl. ¶ 11.)

Diaz was not an employee of Cydcor and Universal is an independent company. (Countercl. ¶ 12.) Diaz, through Universal, has and had continuing and ongoing business relationships and oral agreements with "Owners," who are small businesses and individuals that provide direct sales services for hire. (Countercl. ¶ 15.) Diaz and Universal cultivate relationships with Owners by assisting them with

securing work as independent contractors and by providing capital, education, and training. (Countercl. ¶ 16.)

From time to time, Diaz and Universal assisted Owners in entering into contractual relationships with certain entities, such as Credico and Cydcor, that send Owners business. (Countercl. ¶ 17.) Diaz and Universal then received from Cydcor or Credico a percentage of the compensation that Cydcor or Credico pays to the Owners. (Countercl. ¶ 18.)

Based on the services provided to the Owners, Diaz and Universal have an expectation of continuing to be able to do business with the Owners and continuing to profit from their relationships with the Owners. (Countercl. ¶ 19.)

In October 2011, Universal terminated its relationship with Cydcor. (Countercl. ¶ 32.) Diaz contacted Credico (USA) LLC and signed an agreement to provide services as a subcontractor to it through Universal. (Countercl. ¶ 33.) After Universal terminated its relationship with Cydcor and joined Credico, Cydcor interfered with Diaz and Universal's ongoing business relationships with the Owners by withholding payments to the Owners and making false, defamatory, and derogatory statements about Diaz and Universal. (Countercl. ¶ 34.) As a result, certain Owners

have ceased doing business with Diaz and Universal or have reduced their business with Diaz and Universal. (Countercl. ¶ 40.)

II. DISCUSSION

A. Legal Standard for a Motion to Dismiss

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal

quotation marks omitted). "In keeping with these principles," the Supreme Court has stated,

> "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Iqbal, 556 U.S. at 664.

In ruling on a 12(b)(6) motion, a court may consider the complaint as well as "any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." Zdenek Marek v. Old Navy (Apparel) Inc., 348 F.Supp.2d 275, 279 (S.D.N.Y. 2004) (citing Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001) (internal quotations omitted)).

B. Tortious Interference with Prospective Economic Advantage

"To state a claim for tortious interference with prospective economic advantage under New York law, a plaintiff must 'establish four elements: (1) the existence of a profitable business relationship, (2) [the defendant's] interference with that relationship, (3) [the defendant's] use of dishonest, unfair, or improper means, and (4) damage to [the plaintiff's]

5

business relationships.'" Bertuglia v. City of New York, __ F. Supp. 2d __, 2012 WL 906958, at *17 (S.D.N.Y. Mar. 19, 2012) (quoting Fonar Corp. v. Magnetic Resonance Plus, Inc., 957 F. Supp. 477, 487 (S.D.N.Y. 1997)). Furthermore, "as a general rule, the defendant's conduct must amount to a crime or an independent tort." Carvel Corp. v. Noonan, 3 N.Y.3d 182, 191; 785 N.Y.S.2d 359 (N.Y. 2004). An exception to the general rule has been recognized "where a defendant engages in conduct 'for the sole purpose of inflicting intentional harm on plaintiffs.'" Id. (quoting NBT Bancorp, Inc. v. Fleet/Northstar Fin. Grp., 215 A.D.2d 990, 990 (3d Dep't 1995), aff'd 87 N.Y.2d 614 (N.Y. 1996)).

Here, Counterclaim Plaintiffs' allegations amount to nothing more than a collection of legal conclusions unsupported by specific facts. Counterclaim Plaintiffs allege that Cydcor made "defamatory" statements, though they do not identify any such statements. Counterclaim Plaintiffs state that Cydcor engaged in improper behavior to damage Diaz and Universal, but allege no facts that would establish such an intent. Furthermore, Counterclaim Plaintiffs allege that Cydcor withheld payments due to Owners. This allegation, without further elaboration, is logically inconsistent with the claim that Cydcor was attempting to induce Owners to stay with Cydcor rather than defect to

Credico. The allegations in the Counterclaim fail to set forth a plausible claim for relief under the standard set forth in Twombly and Iqbal.

III. CONCLUSION

Cydcor's Motion to Dismiss the Counterclaim (Docket #28) is GRANTED and the Counterclaim is dismissed without prejudice; and

Counterclaim Plaintiffs may file an Amended Counterclaim within 21 days of the date of this Order.

SO ORDERED.

Dated: New York, New York
July 16, 2012

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge